UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL A. VANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 1:20-cv-00248-HAB-SLC |
| v. | ) |
| | ) |
| UTTAMJEET SINGH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Defendants on February 3, 2023 (ECF 59), seeking to dismiss this case in accordance with *pro se* Plaintiff's and Defendants' counsel's oral representations on the record in the January 27, 2023, hearing before the undersigned Magistrate Judge (ECF 57). On February 6, 2023, District Judge Holly A. Brady entered an Order pursuant to 28 U.S.C. § 636(b) and Northern District of Indiana Local Rule 72-1 (ECF 60, 61), referring this case to the undersigned Magistrate Judge to prepare a report and recommendation on Defendants' motion to dismiss (ECF 59), as well as Defendants' motion to enforce settlement agreement filed on October 28, 2022 (ECF 52). For the following reasons, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be GRANTED and Defendants' motion to enforce settlement be DENIED as MOOT. This Report and Recommendation is based on the following facts and principles of law.

### *A. Factual and Procedural Background*

Plaintiff, by counsel, filed this personal injury case against Defendants on April 22, 2020, in Allen County Superior Court, and Defendants subsequently removed it to this Court based on diversity jurisdiction. (*See* ECF 1, 5-7). On August 5, 2020, the Court conducted a preliminary

pretrial conference, setting a discovery deadline of August 15, 2021, and a dispositive motions deadline of September 20, 2021. (ECF 12, 13). The discovery deadline was subsequently extended to August 15, 2022. (ECF 29, 32).

On September 23, 2020, Plaintiff's counsel filed a motion to withdraw, citing a "breakdown of the client/attorney relationship." (ECF 14). The Court set a telephonic hearing on the motion for October 9, 2020, ordering Plaintiff, his counsel, and Defendants' counsel to appear. (ECF 15). At the hearing, the Court granted the motion and stayed the case for thirty days in order to allow Plaintiff time to find new counsel, setting a telephonic status conference for November 10, 2020. (ECF 16). At the November 10, 2020, status conference, attorney Troy Rivera appeared on Plaintiff's behalf,[1] and accordingly, the Court lifted the stay and affirmed all case deadlines previously set. (ECF 18; *see* ECF 17).

However, on May 7, 2021, Plaintiff's new counsel also moved to withdraw, again citing "a breakdown of the client/attorney relationship." (ECF 20, 21). On June 2, 2021, after a telephonic hearing where Plaintiff stated that he would retain new counsel, the Court granted the motion to withdraw, setting a telephonic status conference for August 2, 2021. (ECF 23, 25, 27). At the August 2, 2021, status conference, Plaintiff appeared *pro se*, and the Court stayed the case for two weeks (over Defendants' objection) to allow Plaintiff additional time to retain new counsel. (ECF 29). After new counsel failed to timely appear on Plaintiff's behalf, the Court deemed Plaintiff to be proceeding *pro se* on August 26, 2021. (ECF 30). A copy of that docket entry was mailed to Plaintiff at his address of record. (*Id.*).

On January 4, 2022, attorney Terry Tolliver filed an appearance on Plaintiff's behalf. (ECF 33). But like Plaintiff's prior attorneys, attorney Tolliver filed a motion to withdraw thereafter, on

---

[1] Two months later, a second attorney from the same law office also appeared on Plaintiff's behalf. (ECF 19).

June 27, 2022. (ECF 41). While that motion was still pending, attorney Tolliver and Defendants' counsel reported at a telephonic status conference on August 18, 2022, that the case had settled and requested thirty days to file dismissal papers. (ECF 49). Accordingly, the Court set a telephonic status conference for September 21, 2022. (*Id.*).

At the September 21, 2022, status conference, attorney Tolliver advised that he had been unable to reach Plaintiff regarding execution of the dismissal papers. (ECF 50). As a result, the Court set another telephonic status conference for October 18, 2022, ordering Plaintiff to appear. (*Id.*). At the October 18, 2022, status conference, Plaintiff appeared with attorney Tolliver, and the Court ordered Plaintiff to appear for all future hearings. (ECF 51). The Court granted attorney Tolliver's unopposed motion to withdraw, ordered the parties to meet and confer regarding the status of the settlement agreement, and set another telephonic status conference for November 29, 2022. (*Id.*).

On October 28, 2022, Defendants filed a motion to enforce settlement agreement, requesting that Plaintiff also be ordered to pay their fees expended in enforcing the $15,000 agreement. (ECF 52). At the November 29, 2022, status conference, Defendants appeared by counsel but Plaintiff failed to appear. (ECF 53). Accordingly, the Court set a show-cause hearing and status conference for January 10, 2023, ordering Plaintiff to appear in person. (*Id.*). A copy of this docket entry was mailed to Plaintiff at his address of record. (*Id.*). The Court also issued a Notice and Order to Plaintiff on December 1, 2022, at his address of record, advising him that if he failed to appear for the January 10, 2023, hearing and status conference, "additional sanctions may issue, up to and including monetary fines or dismissal of his lawsuit." (ECF 54).

At the January 10, 2023, show-cause hearing and status conference, Defendants appeared by counsel but Plaintiff failed to appear. (ECF 55). Defendants' counsel reported that she had

repeatedly attempted to contact Plaintiff to finalize the settlement, but was unable to reach him. (*Id.*). The Court set another show-cause hearing and status conference for January 27, 2023, again ordering Plaintiff to appear in person. (*Id.*). A copy of this docket entry was mailed to Plaintiff at his address of record. (*Id.*). The Court also issued a second Notice and Order to Plaintiff on January 12, 2023, at his address of record, again warning Plaintiff that if he failed to appear at the hearing and status conference that "additional sanctions may issue, up to and including monetary fines or dismissal of his lawsuit." (ECF 56). The Court further pointed out in the Notice and Order that "if this case is ultimately dismissed as a sanction for Plaintiff Paul A. Vang's failures to appear, Plaintiff Paul A. Vang will walk away with nothing (or worse, be ordered to pay monetary fines), rather than receive the $15,000 in settlement funds from Defendants." (*Id.* at 2).

Plaintiff appeared in person at the show-cause hearing and status conference on January 27, 2023, and Defendants appeared telephonically by counsel. (ECF 57). The parties reported that the case has settled. (*Id.*). Specifically, Plaintiff stated that he had sent the signed settlement agreement and Medicare form to his former counsel, attorney Tolliver, to forward on to Defendants' counsel. (*Id.*). Defendants' counsel responded that she did receive Plaintiff's signed papers that week and now Defendants "have everything we need." (*Id.*). But due to Plaintiff's *pro se* status and Defendants' past difficulty in obtaining Plaintiff's signature, Defendants' counsel expressed concern about how to obtain Plaintiff's signature on a stipulated dismissal to file with the Court, and thus, Defendants' counsel made an oral motion on the record to dismiss the case with prejudice. (*Id.*). Plaintiff responded on the record that he had no objection to Defendants' oral motion to dismiss the case. (*Id.*).

On February 3, 2023, Defendants filed the instant motion to dismiss as a follow-up to the January 27, 2023 hearing. (ECF 59). Plaintiff did not file a response to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d).

### B. Analysis

Federal Rule of Civil Procedure 41 governs dismissal of actions filed in federal court. Rule 41(a)(1)(A)(ii) provides in relevant part, and subject to several exceptions, that a plaintiff may voluntarily dismiss an action without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." Alternatively, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

The undersigned Magistrate Judge recommends that this action be dismissed with prejudice pursuant to Rule 41(a)(2). On the record at the January 27, 2023, show-cause hearing and status conference, Defendants' counsel reported that she now had everything she needed from Plaintiff for the $15,000 settlement, and Defendants' counsel orally moved on the record to dismiss this action with prejudice. (ECF 57). *Pro se* Plaintiff responded on the record that he had no objection to the oral motion to dismiss this action. (*Id.*).

Further, Plaintiff has not filed a response in opposition to the motion to dismiss filed by Defendants on February 3, 2023, as a follow-up to the January 27, 2023, hearing, and his time to do so has passed. N.D. Ind. L.R. 7-1(d). Given that Defendants are paying Plaintiff a $15,000 settlement, the undersigned Magistrate Judge finds the terms of the dismissal to be "proper" under the circumstances presented. *See* Fed. R. Civ. P. 41(a)(2). As the Court observed in the Notice and Order dated January 12, 2023, had this case been dismissed as a sanction for Plaintiff's repeated failures to appear, Plaintiff would "walk away with nothing (or worse, be ordered to pay monetary fines), rather than receive the $15,000 in settlement funds from Defendants." (ECF 57 at 2).

Therefore, given Plaintiff's oral representation on the record that he has no objection to dismissal of this case, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be granted, that this action be dismissed with prejudice, and that Defendants' motion to enforce settlement agreement be denied as moot.

### *C. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that: (1) Defendants' motion to dismiss (ECF 59) be GRANTED, and this case be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2); and (2) Defendants' motion to enforce settlement agreement (ECF 52) be DENIED AS MOOT.

The Clerk is directed to send a copy of this Report and Recommendation to *pro se* Plaintiff at his address of record and to Defendants' counsel. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005) (unpublished); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 1st day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge