UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL A. VANG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-248 |
| | ) |
| UTTAMJEET SINGH, et al. | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R & R") (ECF No. 62) wherein the Magistrate Judge recommends the Court grant the motion to dismiss filed by the Defendants and deny as moot their motion to enforce the settlement. The parties had fourteen days after being served with a copy of the R & R to file written objections thereto with the Clerk of Court.  No objections to the R&R have been filed.

The undersigned has reviewed the Magistrate Judge's R & R and the conclusions therein. To briefly recap the procedural history, Plaintiff had three separate attorneys appear and move to withdraw due to a breakdown in communication between the attorneys and the Plaintiff. Despite the revolving counsel door, the parties eventually agreed to a settlement. Defendants then had difficulty obtaining the Plaintiff's signature on the settlement documents and moved to enforce the settlement. (ECF No. 52). The Magistrate Judge set the motion for a status conference and ordered the Plaintiff to appear. He did not. (ECF No. 53).  He also failed to appear for the show cause hearing set in response to his failure to appear. After threatening to dismiss the case and noting that "if this case is ultimately dismissed as a sanction for Plaintiff Paul A. Vang's failures to appear, Plaintiff Paul A. Vang will walk away with nothing (or worse, be ordered to pay monetary fines),

rather than receive the $15,000 in settlement funds from Defendants" (ECF No. 56 at 2), the Magistrate Judge had Plaintiff's attention. He appeared in person at the January 27, 2023, show cause hearing and status conference. At that conference, the parties informed the Court that settlement papers had been signed. Defendants, however, expressed concern about obtaining the Plaintiff's signature on a Rule 41 stipulated dismissal. So, Defendants orally moved to dismiss the case to which Plaintiff did not object.

On February 3, 2023, Defendants filed the instant motion to dismiss as a follow-up to the January 27, 2023 hearing. (ECF 59). Plaintiff did not file a response to the motion and the matter was referred by the undersigned to the Magistrate Judge for an R & R.  Having reviewed the R & R, the Court finds that the Magistrate Judge's R & R rests on appropriate legal authorities and stands on a legally sound basis. The R & R is APPROVED AND ADOPTED.

The Motion to Dismiss (ECF No. 59) is GRANTED. The case is DISMISSED pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice. The Motion to Enforce Settlement (ECF No. 52) is DENIED as MOOT. The Clerk is directed to enter judgment in favor of the Defendants.

SO ORDERED on March 23, 2023.

       s/ *Holly A. Brady*  
       JUDGE HOLLY A. BRADY  
       UNITED STATES DISTRICT COURT